**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:18-cv-22455-DPG**

VICKI AHERN,

       Plaintiff,

v.

DELTA AIR LINES, INC.,

       Defendant.

                                              /

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**
**AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Delta Air Lines, Inc. ("Delta Air Lines"), by and through its undersigned

counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), move the Court to dismiss the

Complaint ("Compl."), ECF No. 1, of the Plaintiff, Vicki Ahern ("Plaintiff") for failure to state a

claim under which relief may be granted and to meet the pleading requirements governing this

action.

**I.      Introduction**

Plaintiff, a Jewish/Hebrew/Israeli employee of Delta Air Lines, who worked as a Ready

Reserve Customer Service Representative from approximately January 2015 to June 2017, asserts

claims of racially hostile work environment and retaliation against Delta Air Lines under the Civil

Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and conspiracy under the Civil Rights Act

of 1866, 42 U.S.C. § 1985 ("Section 1985").

As explained in greater detail below, Plaintiff's claims, as pleaded, are largely non-cognizable as a matter of law and, in most instances, so lacking in factual specificity as to require their dismissal for failure to state a claim upon which relief can be granted. Moreover, even if the Complaint did not suffer these pleading defects, Plaintiff's conspiracy claim would be barred under the intra-corporate conspiracy doctrine and must be dismissed on that ground in any event.

Accordingly, Delta Air Lines respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

## II.    Relevant Facts[1]

Plaintiff, a Jewish/Hebrew/Israeli employee of Delta Air Lines, began her employment as a Ready Reserve Customer Service Representative on or about January 21, 2015. Compl., ¶¶ 1, 2. According to the Complaint, between July 2015 and January 2017, an Operation Services Manager at Delta Air Lines, Humberto Tapanes, allegedly made anti-semitic remarks concerning Plaintiff's Jewish race and ancestry. Compl., ¶¶ 1, 2, 20. Plaintiff alleges that in January 2017, she spoke to an unidentified Human Resources representative and Station Manager, John Higgins, after which Tapanes apologized to her for his behavior and he no longer made anti-sematic remarks. Compl., ¶¶ 17, 18, 20.

For the next five months, however, Tapanes allegedly would "constantly find fault with Plaintiff's attire and jewelry," not allow her to work with first class passengers even if directed to do so by Red Coats, hover over Plaintiff "invading her personal space," and he told Plaintiff, that he was making sure she did her job correctly and that if she made any mistakes he would get her in trouble" and "to get all her ducks in a row because he would get her." Compl., ¶¶ 21-24. In addition, the Complaint alleges "upon information and belief" that in or around May 2017, Plaintiff

---

[1] Delta disputes the accuracy of many of the facts pled in the Complaint but assumes for the purpose of this Motion, as it must, the truth of all facts properly pled. *See Ashcroft*, 556 U.S. at 678.

participated in an accommodation hearing attended by Tapane, after which her accommodation request for an on-the-job injury was denied due, in part, to Tapane's retaliation for Plaintiff's reporting of his alleged discrimination four months earlier.  Compl., ¶¶ 28-30.  Plaintiff has been out of work since June 2017 due to her injury.  Compl., ¶ 31.

On June 19, 2018, Plaintiff filed the Complaint in this matter, alleging that the aforementioned conduct violates the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").  Compl., ¶¶ 2-9 (Count I).  Plaintiff further alleges that unidentified Delta Air Lines employee(s) conspired with each other to violate Plaintiff's unspecified civil rights, "including" her rights under Section 1981.

For the reasons discussed below, Delta Air Lines moves to dismiss the Complaint.

## III.     Argument

### A.     Standard for Motion to Dismiss

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to eliminate baseless claims and to streamline litigation by dispensing with allegations that will result in needless discovery. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To plead a viable cause of action, the allegations in the complaint must transcend the "speculative," "conceivable," and "possible," and must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 566–67 (2007).  In making this determination, a court must disregard "legal conclusions" and "conclusory statements," and must scrutinize the well-pleaded factual allegations to ensure that they are more than "'merely consistent with' a defendant's liability."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).  If, after all "legal conclusions" and "conclusory statements" are disregarded, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claim must be dismissed.  *Iqbal*, 556 U.S. at 679; *Taylor v. Books*

*A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

With these pleading principles in mind, Delta Air Lines moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 8, and the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*.

**B.      Plaintiff's Section 1981 Discrimination Claim Should Be Dismissed Because the Complaint Fails to State a Plausible Harassment/Hostile Work Environment Claim**

In the Eleventh Circuit, courts apply the same analysis to § 1981 claims as to Title VII claims. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).  Accordingly, to establish a hostile work environment claim, Plaintiff must show: "(1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . .; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *McCann v. Tillman*, 526 F.3d 1370, 1378, 2008 BL 98984, 7 (11th Cir. 2008),[2] *quoting Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).   Specifically, Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v.*

---

[2] Although *McCann* was decided on summary judgment, it is cited here because it establishes that even if the allegations in Plaintiff's Complaint are accepted as true, Plaintiff has failed to state a Section 1981 claim.

*Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (internal quotation marks omitted).

Determining whether the harassment was sufficiently severe or pervasive involves "both an objective and subjective component." *McCann*, 526 F.3d at 1378, *quoting Miller* at 1276.  In determining the objective element, courts consider all of the circumstances involved, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 2061, 153 L.Ed.2d 106 (2002), *quoting Harris*, 510 U.S. at 23; *see also Miller*, 277 F.3d at 1275.

Here, the Complaint alleges that a hostile environment existed for approximately two years (from approximately July 2015 when Plaintiff took bereavement leave until approximately June 2017 when Plaintiff last worked) because Tapanes, allegedly: (1) made anti-semitic remarks concerning Plaintiff's Jewish race and ancestry between July 2015 and January 2017 for which he apologized and ceased making such remarks (Compl., ¶¶ 1, 2, 20); and, between February 2017 and June 2017, he (ii) criticized Plaintiff's attire and jewelry, (iii) would not allow her to work with first class passengers even if directed to do so by Red Coats, (iv) "hovered" over her, "invading her personal space," and (v) told Plaintiff that he was making sure she did her job correctly and that if she made any mistakes he would get her in trouble" and "to get all her ducks in a row because he would get her."  Compl., ¶¶ 21-24.  Finally, the Complaint alleges "upon information and belief" that in or around May 2017, Plaintiff participated in an accommodation hearing attended by Tapanes, after which her accommodation request for an on-the-job injury was

denied due, in part, to Tapanes' retaliation for Plaintiff's reporting of his alleged discrimination four months earlier. Compl., ¶¶ 28-30.

Plaintiff has not identified *any* alleged racially harassing incidents that sufficiently state a claim of hostile work environment because she cannot demonstrate that any alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and created a discriminatorily abusive working environment as a matter of law. In other words, anti-semitic remarks, including the four remarks alleged made by Tapanes over the course of seventeen or eighteen months, fall far short of supporting an actionable hostile work environment claim under well settled Eleventh Circuit law. See *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) (requiring a plaintiff to prove that the harassment is severe or pervasive ensures that Title VII does not become a mere "general civility code"), *quoting Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283-84, 141 L.Ed.2d 662 (1998). As such, Plaintiff's harassment/hostile work environment claim should be dismissed.

**C.      Plaintiff's Section 1981 Retaliation Claim Should Be Dismissed Because the Complaint Fails to State a Plausible Retaliation Claim**

To make out a *prima facie* case of retaliation, a plaintiff must show that [she] engaged in statutorily protected expression; (2) [she] suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). The challenged action must be materially adverse from the standpoint of a reasonable employee. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). To show the adverse action was causally related to the employee's protected expression, a plaintiff must prove "that the protected activity and the adverse action are not completely unrelated." *Wideman*, 141 F.3d at 1457 (quotation omitted).

Here, the challenged actions that are the subject of Plaintiff's retaliation claim are not sufficient to meet the materially adverse from the standpoint of a reasonable employee requirement to state a claim of retaliation. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006).

Assuming *arguendo* that the Complaint sufficiently alleges the referenced conduct constitutes an adverse employment action under Section 1981, which it does not, Plaintiff's retaliation claim still fails because she cannot show a causal connection between her alleged protected activity and the alleged adverse conduct. The Eleventh Circuit has held that a three-month interval between the protected speech and an adverse action to be too great, without more, to establish an inference of retaliation. *See Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1060-61 (11th Cir. 1999) (finding no causal link between protected activity in February 1994 and adverse employment actions in late 1994 and early 1995); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 951 (11th Cir. 2000) (holding that a seven-month time period between the protected activity and the adverse employment action is too indirect to satisfy the causal connection requirement). The Supreme Court has recognized that where a plaintiff relies on "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action" to establish the causal connection of her case, courts have "uniformly [held] that the temporal proximity must be very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (citing with approval circuit court cases invalidating temporal proximities of three and four months) (internal quotation marks omitted).

The Complaint makes no factual allegation that the alleged retaliatory conduct in the spring of 2017 is causally related to her alleged discussion with Human Resources in January 2017. Rather, she simply asks the Court to simply assume the requisite causal connection on the basis

that these events occurred after she allegedly complained. Under applicable law, however, this is not a situation in which the temporal proximity between the alleged protected activity and the adverse employment action is "very close" such that a causal connection should be inferred. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing with approval cases dismissing retaliation claims where there were three and four month periods between protected activity and termination).

Further, with respect to the alleged denial of Plaintiff's accommodation request in or around May 2017 in which Plaintiff alleges her request was denied due, *in part*, to Tapane's retaliation for her reporting of his alleged discrimination four months earlier, Compl., ¶¶ 28-30, the Complaint further fails to state a claim for two additional reasons. First, to prove causation, a plaintiff must show "that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action." *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997). The Complaint does not identify all of the alleged decision-makers for that action, much less demonstrate that the decision-maker(s) had actual knowledge of her alleged discrimination complaint at the time the decision was made to deny her request, as required to state a claim for retaliation. *Id*.

Second, although the Eleventh Circuit Court of Appeals has not directly addressed the issue of what causation standard applies to retaliation claims brought under Section 1981, the Eighth Circuit Court of Appeals, citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. ___, ___, 133 S.Ct. 2517, 2528, 2533, 186 L.Ed.2d 503 (2013), has held that a plaintiff must show "the desire to retaliate was the "but for" cause of her termination — that is, "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the [hospital]." *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 738, 2013 BL 250097, (8th Cir. 2013), *also citing*,

8

*Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1148 (8th Cir.2008) ("To make out a retaliation claim, the plaintiff must show that the protected conduct was a 'determinative — not merely a motivating — factor' in the employer's adverse employment decision." (*quoting Carrington v. City of Des  Moines, Iowa*, 481 F.3d 1046, 1053 (8th Cir.2007))).  Here, Plaintiff does not suggest or imply, much less allege, that her accommodation request would have been approved "but for" her alleged protected conduct which is fatal to her retaliation claim relating to the alleged denial of her accommodation request.

Regardless of whether the Court applies the "but for" causation standard or the more lenient causation standard for Plaintiff's Section 1981 retaliation claim, this Court should dismiss Plaintiff's retaliation claim because it fails to state a claim for which relief may be granted.

**D.      Conspiracy**

Count II of the Complaint asserts a claim for conspiracy under § 1985, but it does not specify which sub-section of the statute Plaintiff's claim purports to invoke.  Sub-section (1) applies to interference with federal officers' duties, sub-section (2) applies to obstruction of justice, and sub-section (3) applies to deprivations of rights or privileges. See 42 U.S.C. § 1985(1), (2), (3).  The Complaint makes no allegations regarding interference with federal officers' duties or obstruction of justice.  Therefore, Delta Air Lines will focus this Motion on sub-section (3), *Depriving Persons of Rights or Privileges*, which provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the

United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to establish a § 1985(3) conspiracy claim, Plaintiff has to show two or more persons entered an agreement to deprive her of her civil rights. 42 U.S.C. § 1985(3). Here, Plaintiff claims that unspecified Delta Air Lines employees conspired to retaliate against her for reporting alleged discriminatory conduct by Tapanes.  The Complaint, however, fails to state a claim upon which relief may be granted, for two reasons.  First, the Complaint fails to state a plausible claim of civil conspiracy.   Second, Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine because all of the individuals identified in the Complaint, directly or indirectly, were employees of Delta Air Lines at the time of the events alleged in the Complaint.

Although Count II of the Complaint seeks relief under Section 1985, it gives no indication what persons, in particular, allegedly conspired to interfere with Plaintiff's civil rights, much less how or when they allegedly did so.  Rather, the Complaint merely asserts legal conclusions and a conclusory statement that "Defendant," a corporation, violated Plaintiff's rights under Section 1985.  Compl., ¶ 11.  Accordingly, Count II of the Complaint alleging conspiracy should be dismissed because it fails to state a claim upon which relief may be granted, much less meet the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*.  See *Cruz v. Underwriters at Lloyd's London*, 2014 BL 214073, 2 (M.D. Fla. Aug. 01, 2014), *quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts are not bound to accept as true a legal conclusion couched as a factual allegation).

10

In addition, Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine, which holds that "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (*en banc*).   Under the corporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.*; *accord Denney v. City of Albany*, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (stating "the only two conspirators identified . . . are both City employees; no outsiders are alleged to be involved" and concluding intra-corporate conspiracy doctrine barred plaintiffs' § 1985(3) conspiracy claims for deprivation of their equal protection rights).

Because the Complaint alleges Delta Air Lines employees conspired together within the organization to violate Plaintiff's rights and no outsiders are alleged to have been involved in the alleged conspiracy to retaliate, the intra-corporate conspiracy doctrine bars Plaintiff's conspiracy claim and therefore, Count II should be dismissed as a matter of law.

## IV.    Conclusion

Based upon the foregoing arguments and authorities, Delta Air Lines respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief may be granted and to meet the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*.

Dated this 7th day of September, 2018.

/s/ *Carol A. Field*

Carol A. Field
Florida Bar No. 987166
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300
Miami, Florida 33131-2339
Telephone:  305.415.3409
eFacsimile:  877.432.9652
carol.field@morganlewis.com

*Counsel for Delta Air Lines, Inc.*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on September 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Carol A. Field*
Carol A. Field

## SERVICE LIST

Richard J. Caldwell, Esquire
RICHARD J. CALDWELL, P.A.
66 West Flagler Street
Suite 601
Miami, FL  33130
caldwelllaw@bellsouth.net

*Counsel for Plaintiff*
**Via CM/ECF**

Matthew B. Weisberg, Esquire
WEISBERG LAW
7 South Morton Avenue
Morton, PA  19103
mweisberg@weisberglawoffices.com

*Co-Counsel for Plaintiff*
**Via CM/ECF**

Brian R. Mildenberg, Esquire
MILDENBERG LAW FIRM
1735 Market Street
Suite 3750
Philadelphia, PA  19103
brian@mildenberglaw.com

*Co-Counsel for Plaintiff*
**Via CM/ECF**