**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:18-cv-22455-DPG**

VICKI AHERN,

    Plaintiff,

v.

DELTA AIR LINES, INC., HUMBERTO
TAPANES, and JOHN DOES 1-10,

    Defendants.

_____/

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Delta Air Lines, Inc. ("Delta Air Lines"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), move the Court to dismiss the Amended Complaint ("Am. Compl."), ECF No. 16, of the Plaintiff, Vicki Ahern ("Plaintiff") for failure to state a claim under which relief may be granted and to meet the pleading requirements governing this action.

**I.    Introduction**

Plaintiff, a Jewish/Hebrew/Israeli employee of Delta Air Lines, who worked as a Ready Reserve Customer Service Representative from approximately January 2015 to June 2017, asserts claims of racially hostile work environment and retaliation against Delta Air Lines under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and conspiracy under the Civil Rights Act of 1866, 42 U.S.C. § 1985 ("Section 1985").

As explained in greater detail below, Plaintiff's claims, as pleaded, are largely non-cognizable as a matter of law and, in most instances, so lacking in factual specificity as to require their dismissal for failure to state a claim upon which relief can be granted. Notably, Paragraphs 1 and 36 of the Amended Complaint—both incorporated by reference into Counts 1 and II—vaguely allege that Defendants engaged in a "*pattern* of intentionally discriminating and retaliating against ethically Jewish, Hebrew and/or Israeli employee*s and passengers*, based upon *their* race and ethnicity" (emphasis added).[1]

In addition, the Amended Complaint should be dismissed on the further ground that it is a shotgun pleading, a practice that the Eleventh Circuit has roundly, repeatedly, and consistently condemned. Moreover, even if the Amended Complaint did not suffer these pleading defects, Plaintiff's conspiracy claim would be barred under the intra-corporate conspiracy doctrine and must be dismissed on that ground in any event.

Accordingly, Delta Air Lines respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety.

**II.     Relevant Facts[2]**

Plaintiff, a Jewish/Hebrew/Israeli employee of Delta Air Lines, began her employment as a Ready Reserve Customer Service Representative on or about January 21, 2015. Am. Compl., ¶¶ 1, 2, 4. According to the Amended Complaint, between July 2015 and January 2017, an Operation Services Manager at Delta Air Lines, Humberto Tapanes, allegedly made anti-Semitic remarks

---

[1]The Amended Complaint does not contain any factual allegations relating to unlawful conduct towards individuals, employees, passengers, or other third parties, nor does it purport to assert any claims based upon alleged unlawful conduct directed to such other individuals, but Delta Air Lines does not waive and expressly reserves its right to dispute such allegations or claims, including but not limited to Plaintiff's lack of standing to assert them, if Plaintiff indicates any specific intention on her part to assert them.

[2]Delta Air Lines disputes the accuracy of many of the facts pled in the Amended Complaint but assumes for the purpose of this Motion, as it must, the truth of all facts properly pled. *See Ashcroft*, 556 U.S. at 678.

concerning Plaintiff's Jewish race and ancestry. Am. Compl., ¶¶ 12, 14.  Plaintiff alleges that in January 2017, she spoke to an unidentified Human Resources representative (John Doe 1) and Station Manager, John Higgins, after which Tapanes apologized to her for his behavior. Am. Compl., ¶¶ 16-18, 21.

Thereafter, Tapanes allegedly would "[o]n a regular basis…publicly ridicule Plaintiff's attire, telling her she was not dressed appropriately," not allow her to work with first class passengers even if directed to do so by Red Coats, hover over Plaintiff "invading her personal space," and told her he would "get" her one way or another and would "pounce on any mistake in order to exact revenge." Am. Compl., ¶¶ 23-24. In addition, the Amended Complaint alleges in or around May 2017, Plaintiff requested an accommodation and was "forced to submit her request at a hearing before a panel" which included Tapanes. Am. Compl., ¶¶ 26-27. According to the allegations in the Amended Complaint, Plaintiff requested, but does not indicate to whom, that Tapanes not be allowed to sit on the panel, but her request "was denied" (but, once again, does not say by whom or how). Am. Compl., ¶ 28. Without any factual basis whatsoever, the Amended Complaint goes on to assert that two unidentified panel members (John Does 2 and 3) "conspired to allow [Tapanes] to continue retaliating against Plaintiff for her report to Higgins concerning [Tapanes'] insidious, racially-discriminatory actions" and denied her accommodation request due, "upon information and belief" to Tapanes retaliation four months earlier. Am. Compl., ¶¶14, 29-30. Plaintiff has been out of work since June 2017 due to her injury. Am. Compl., ¶ 31.

On June 19, 2018, Plaintiff filed the original Complaint in this matter. ECF No. 1. Delta Air Lines moved to dismiss the Complaint. ECF No. 11 ("Motion"). Rather than respond to Delta Air Lines' Motion, Plaintiff filed the Amended Complaint, adding Tapanes and John Does 1-10, as alleged parties to this Action. Notably, although the Amended Complaint specifically

3

references John Does 1-3, all Delta Air Lines employees, it makes no reference whatsoever to John Does 4 through 10.

Similar to the original Complaint, the Amended Complaint alleges discrimination based on Plaintiff's Jewish/Hebrew/Israeli ethnicity and retaliation in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). Am. Comp. ¶¶ 12-32, 34-41 (Count I). Like the Amended Complaint, Count I commingles discrimination and retaliation claims, but goes even further and purports to assert those two different claims against all twelve alleged Defendants (Delta Air Lines, Tapanes, and John Does 1-10). Count II of the Amended Complaint adopts by reference *all* preceding allegations (including those contained in Count I), and further alleges that *all twelve* Defendants conspired with each other to violate Plaintiff's unspecified federally protected civil rights, "including" those rights under Section 1981. Am. Comp. ¶¶ 43-45 (Count II).

The Amended Complaint does nothing to cure the pleading deficiencies discussed in Delta Air Lines' Motion. For the reasons discussed below, Delta Air Lines now moves to dismiss the Amended Complaint.

**III.     Argument**

   **A.     Standard for Motion to Dismiss**

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to eliminate baseless claims and to streamline litigation by dispensing with allegations that will result in needless discovery. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To plead a viable cause of action, the allegations in the Amended Complaint must transcend the "speculative," "conceivable," and "possible," and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 566–67 (2007). In making this determination, a court must disregard "legal conclusions" and "conclusory statements," and must scrutinize the well-pleaded

4

factual allegations to ensure that they are more than "'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). If, after all "legal conclusions" and "conclusory statements" are disregarded, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the claim must be dismissed. *Iqbal*, 556 U.S. at 679; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Moreover, the Eleventh Circuit has a long history of strongly criticizing shotgun pleadings like the Amended Complaint filed in this action. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-26 (11th Cir. April 8, 2014) (condemning "shotgun" pleadings and encouraging defendants to move to dismiss such complaints), *citing Starship Enter. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243 (11th Cir. 2013); *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802 (11th Cir. 2010); *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143 (11th Cir. 2009); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006); *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320 (11th Cir. 2004); *Strategic Income Fund, LLC v. Spear, Leeds, and Kellogg Corp.*, 305 F.3d 1293 (11th Cir. 2002); *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001); *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *Johnson Enters. of Jacksonville, Inc., v. FPL Group, Inc.*, 162 F.3d 1290 (11th Cir. 1998); *BMC Indus., Inc. v. Barth Indus., Inc.*, 160 F.3d 1322 (11th Cir. 1998); *GJR Inves., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998); *Cramer v. State of Florida*, 117 F.3d 1258 (11th Cir. 1997); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F 3d 162 (11th Cir. 1997); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902 (11th Cir. 1996); *Fikes v. City of Daphne*, 79 F.3d 1079 (11th Cir. 1996); *Boatman v. Town of Oakland, Fla.*, 76 F.3d 341 (11th Cir. 1996); *Anderson v. Dist. Bd. of Trs. of Cent. Fla.*

*Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996); *Beckwith v. City of Daytona Beach Shores, Fla.*, 58 F.3d 1554 (11th Cir. 1995); *Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992); *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991); *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).

The Amended Complaint filed in this action is a classic shotgun pleading with Count II adopting the allegations of Count I. *See* Am. Comp., Count II at ¶ 42 ("The foregoing paragraphs are incorporated by reference herein"); *see also*, the "Prayer for Relief" adopting all preceding paragraphs, Am. Compl., ¶ 46 ("[t]he foregoing paragraphs are incorporated herein by reference"). Indeed, the Amended Complaint filed in this case is a particularly bad example of long criticized shotgun pleadings because it commingles distinct claims against multiple defendants into Count I (alleging unlawful discrimination ***and*** retaliation), as well as two different counts against twelve different defendants. Such pleading practices have been consistently and strongly condemned in the Eleventh Circuit because they unnecessarily confuse the issues and make it virtually impossible to respond, as aptly pointed out by the Eleventh Circuit in *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d at 1125-26:

> The story is, by now, a familiar one: the plaintiff kicks things off with a shotgun pleading, where "each count ... adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four.... [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."

With these pleading principles in mind, Delta Air Lines moves to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 8, and the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*.

### B. Plaintiff's Section 1981 Discrimination Claim Should Be Dismissed Because the Amended Complaint Fails to State a Plausible Harassment/Hostile Work Environment Claim

As an initial matter, Count I of the Amended Complaint commingles two distinct claims based upon different factual allegations and requiring different legal analyses—discrimination and retaliation claims—against twelve different defendants (Delta Air Lines, Tapanes, and John Does 1-10), which constitutes a shotgun pleading that should be dismissed on that basis alone. In addition to that glaring pleading deficiency, as discussed below, the allegations in the Amended Complaint do not state a claim upon which relief may be granted.

Courts in the Eleventh Circuit apply the same analysis to § 1981 claims as to Title VII claims. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Accordingly, to establish a hostile work environment claim, Plaintiff must show: "(1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . .; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *McCann v. Tillman*, 526 F.3d 1370, 1378, 2008 BL 98984, 7 (11th Cir. 2008),[3] *quoting Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Specifically, Title VII or Section 1981 is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v.*

---

[3]Although *McCann* was decided on summary judgment, it is cited here because it establishes that even if the allegations in Plaintiff's Amended Complaint are accepted as true, Plaintiff has failed to state a Section 1981 claim.

7

*Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (internal quotation marks omitted).

Determining whether the harassment was sufficiently severe or pervasive involves "both an objective and subjective component." *McCann*, 526 F.3d at 1378, *quoting Miller* at 1276. In determining the objective element, courts consider all of the circumstances involved, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 2061, 153 L.Ed.2d 106 (2002), *quoting Harris*, 510 U.S. at 23; *see also Miller*, 277 F.3d at 1275.

Here, the Amended Complaint alleges that a hostile environment existed for approximately two years (from approximately July 2015 when Plaintiff took bereavement leave until approximately June 2017 when Plaintiff last worked) because Tapanes, allegedly: (i) made anti-Semitic remarks concerning Plaintiff's Jewish race and ancestry, (ii) publicly ridiculed Plaintiff's attire, telling her she was not dressed appropriately, (iii) would not allow her to work with first class passengers even if directed to do so by Red Coats, and (iv) hovered over Plaintiff "invading her personal space." Am. Compl., ¶¶ 14, 17, 18, 21.

Plaintiff has not identified *any* alleged racially harassing incidents that sufficiently state a claim of hostile work environment, however, because she cannot demonstrate that any alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and created a discriminatorily abusive working environment as a matter of law. In other words, anti-Semitic remarks, including the four remarks allegedly made by Tapanes over the course of seventeen or eighteen months, fall far short of supporting an actionable hostile work

environment claim under well settled Eleventh Circuit law.  See *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) (requiring a plaintiff to prove that the harassment is severe or pervasive ensures that Title VII does not become a mere "general civility code"), *quoting Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283-84, 141 L.Ed.2d 662 (1998).  As such, Plaintiff's harassment/hostile work environment claim should be dismissed.

> **C.     Plaintiff's Section 1981 Retaliation Claim Should Be Dismissed Because the Amended Complaint Fails to State a Plausible Retaliation Claim**

To make out a *prima facie* case of retaliation, a plaintiff must show that [she] engaged in statutorily protected expression; (2) [she] suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). The challenged action must be materially adverse from the standpoint of a reasonable employee. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). To show the adverse action was causally related to the employee's protected expression, a plaintiff must prove "that the protected activity and the adverse action are not completely unrelated." *Wideman*, 141 F.3d at 1457 (quotation omitted).

Here, the Amended Complaint alleges that Tapanes retaliated against her by telling her that he would "get" her one way or another, "pounce on any mistake in order to exact revenge," hovering over her, not letting her service first class passengers, ridiculing her attire, and by sitting on the panel considering her accommodation request, and that Tapanes and John Does 1 and 2 further retaliated against Plaintiff by denying her accommodation request.  Am. Compl., ¶¶ 23-24, 29, and 30.  These actions—even if they were otherwise true and supported by factual allegations, which they are not—do not rise to the level of "materially adverse" from the standpoint of a reasonable employee, as required to state a claim of retaliation as a matter of law.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006).

9

Assuming *arguendo* that the Amended Complaint sufficiently alleges the referenced conduct constitutes an adverse employment action under Section 1981, which it does not, Plaintiff's retaliation claim still fails because she cannot show a causal connection between her alleged protected activity and the alleged adverse conduct. The Eleventh Circuit has held that a three-month interval between the protected speech and an adverse action to be too great, without more, to establish an inference of retaliation. *See Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1060-61 (11th Cir. 1999) (finding no causal link between protected activity in February 1994 and adverse employment actions in late 1994 and early 1995); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 951 (11th Cir. 2000) (holding that a seven-month time period between the protected activity and the adverse employment action is too indirect to satisfy the causal connection requirement). The Supreme Court has recognized that where a plaintiff relies on "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action" to establish the causal connection of her case, courts have "uniformly [held] that the temporal proximity must be very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (citing with approval circuit court cases invalidating temporal proximities of three and four months) (internal quotation marks omitted).

The Amended Complaint makes no factual allegation that the alleged retaliatory conduct in the spring of 2017 is causally related to her alleged discussion with John Doe in Human Resources or Higgins in January 2017. Rather, she simply asks the Court to simply assume the requisite causal connection on the basis that these events occurred after she allegedly complained. Under applicable law, however, this is not a situation in which the temporal proximity between the alleged protected activity and the adverse employment action is "very close" such that a causal connection should be inferred. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)

(citing with approval cases dismissing retaliation claims where there were three and four month periods between protected activity and termination).

Further, with respect to the alleged denial of Plaintiff's accommodation request in or around May 2017 in which Plaintiff alleges her request was denied "upon information and belief," due to Tapanes's retaliation for her reporting of his alleged discrimination four months earlier, Am. Compl., ¶¶ 28-30, the Amended Complaint further fails to state a claim for two additional reasons. First, to prove causation, a plaintiff must show "that the defendant was actually aware of the protected expression at the time the defendant took the adverse employment action." *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997). The Amended Complaint does not identify John Does 2 and 3, whom are allegedly two of the three alleged decision-makers for that action, much less demonstrate that any of the decision-maker(s) on the panel had actual knowledge of her alleged complaint of discrimination at the time their decision was made to deny her request, as required to state a claim for retaliation. *Id*.

In addition, although the Eleventh Circuit Court of Appeals has not directly addressed the issue of what causation standard applies to retaliation claims brought under Section 1981, the Eighth Circuit Court of Appeals, citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S.Ct. 2517, 2528, 2533, 186 L.Ed.2d 503 (2013), has held that a plaintiff must show "the desire to retaliate was the "but for" cause of her termination — that is, "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the [hospital]."*Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 738, 2013 BL 250097, (8th Cir. 2013), *also citing*, *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1148 (8th Cir. 2008) ("To make out a retaliation claim, the plaintiff must show that the protected conduct was a 'determinative — not merely a motivating — factor' in the employer's adverse employment decision." (*quoting Carrington v.*

*City of Des Moines, Iowa*, 481 F.3d 1046, 1053 (8th Cir. 2007))). Here, Plaintiff does not suggest or imply, much less allege, that her accommodation request would have been approved "but for" her alleged protected conduct which is fatal to her retaliation claim relating to the alleged denial of her accommodation request.

Regardless of whether the Court applies the "but for" causation standard or the more lenient causation standard for Plaintiff's Section 1981 retaliation claim, this Court should dismiss that claim because it fails to state a claim for which relief may be granted.

**D.  Conspiracy**

Count II of the Amended Complaint asserts a claim for conspiracy under § 1985, but it does not specify which sub-section of the statute Plaintiff's claim purports to invoke. Sub-section (1) applies to interference with federal officers' duties, sub-section (2) applies to obstruction of justice, and sub-section (3) applies to deprivations of rights or privileges. See 42 U.S.C. § 1985(1), (2), (3). The Amended Complaint makes no allegations regarding interference with federal officers' duties or obstruction of justice. Therefore, Delta Air Lines will focus this Motion on sub-section (3), *Depriving Persons of Rights or Privileges*, which provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his

12

> person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to establish a § 1985(3) conspiracy claim, Plaintiff has to show two or more persons ***entered an agreement*** to deprive her of her civil rights. 42 U.S.C. § 1985(3). Here, Plaintiff claims that unspecified Delta Air Lines employees conspired to retaliate against her for reporting alleged discriminatory conduct by Tapanes. The Amended Complaint, however, fails to state a claim upon which relief may be granted, for two reasons. First, the Amended Complaint fails to state a plausible claim of civil conspiracy. Second, Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine because all of the individuals identified in the Amended Complaint, directly or indirectly, were employees of Delta Air Lines at the time of the events alleged in the Amended Complaint.

Significantly, Paragraphs 12, 43, and 44 of the Amended Complaint vaguely allege, in a purely conclusory fashion, that there was an alleged conspiracy between Defendants, but notably never indicates what agreement, if any, was allegedly made between them or when or how such agreement was made, much less that they engaged in a so-called "conspiracy" to violate Plaintiff's federally protected civil rights. Moreover, although Count II of the Amended Complaint seeks relief under Section 1985, it gives no indication what persons, in particular, allegedly conspired to interfere with Plaintiff's civil rights, much less how or when they allegedly did so. Rather, the Amended Complaint merely asserts legal conclusions and a conclusory statement that "Defendants" violated Plaintiff's rights under Section 1985. Am. Compl., ¶ 43. Accordingly, Count II of the Amended Complaint alleging conspiracy should be dismissed because it fails to state a claim upon which relief may be granted, much less meet the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*. See *Cruz v. Underwriters at Lloyd's London*, 2014

13

BL 214073, 2 (M.D. Fla. Aug. 01, 2014), *quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts are not bound to accept as true a legal conclusion couched as a factual allegation).

In addition, Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine, which holds that "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) (*en banc*). Under the corporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Id.*; *accord Denney v. City of Albany*, 247 F.3d 1172, 1190-91 (11th Cir. 2001) (stating "the only two conspirators identified . . . are both City employees; no outsiders are alleged to be involved" and concluding intra-corporate conspiracy doctrine barred plaintiffs' § 1985(3) conspiracy claims for deprivation of their equal protection rights).

Because the Amended Complaint alleges Delta Air Lines employees conspired together within the organization to violate Plaintiff's rights and no outsiders are alleged to have been involved in the alleged conspiracy to retaliate, the intra-corporate conspiracy doctrine bars Plaintiff's conspiracy claim and therefore, Count II should be dismissed as a matter of law.

**IV.  Conclusion**

Based upon the foregoing arguments and authorities, Delta Air Lines respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety for failure to state a claim upon which relief may be granted and to meet the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal*. Moreover, it is a shotgun pleading which is not permitted under controlling Eleventh Circuit law. Count II should further be dismissed because the intra-corporate conspiracy doctrine bars Plaintiff's civil conspiracy claim.

Dated this 18th date of December, 2018.

                                      **Carol A. Field**
Carol A. Field (Florida Bar Number: 987166)
Attorney E-mail address: carol.field@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300
Miami, Florida 33131-2339
Telephone:  305.415.3409

*Counsel for Delta Air Lines, Inc*